# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv–01790-BAM PC<br><br>ORDER DENYING PLAINTIFF'S OBJECTION, CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(ECF No. 21) |

Plaintiff Leonardo Joseph Rangel is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed January 9, 2012, against Defendants D. Latraille and J. Tabor for excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and assault and battery under state law. On January 18, 2012, an order issued dismissing certain claims and defendants from this action, with prejudice, for Plaintiff's failure to state a cognizable claim against them. (ECF No. 17.) On February 10, 2012, Plaintiff filed objections to the order dismissing certain claims and defendants. (ECF No. 21.) An objection to the Court's order is not a recognized response and Plaintiff's objection shall be construed as a motion for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these

1  factors is present the motion is properly denied. <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th
2  Cir. 1991).

3     Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order
4  for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to
5  prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
6  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
7  omitted). The moving party "must demonstrate both injury and circumstances beyond his control
8  . . . ." <u>Id.</u> (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in
9  relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
10 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
11 motion," and "why the facts or circumstances were not shown at the time of the prior motion."

12    "A motion for reconsideration should not be granted, absent highly unusual circumstances,
13 unless the district court is presented with newly discovered evidence, committed clear error, or if
14 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
15 present evidence for the first time when they could reasonably have been raised earlier in the
16 litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir.
17 2009) (internal quotations marks and citations omitted) (emphasis in original).

18    Plaintiff requests that the court allow him to amend his compliant to add Defendants Adams,
19 Leon, and Hubach because the video tape of the incident will show that Defendant Hubach gave the
20 order to continue using pepper spray and Defendant Leon was present. Plaintiff does not set forth
21 newly discovered evidence that was not available to Plaintiff at the time he filed his complaint.
22 Plaintiff sets forth factual allegations that were within his knowledge at the time and could have
23 reasonably been alleged in his complaint. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.
24 Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED.

25    IT IS SO ORDERED.

26 **Dated:   February 13, 2012**              **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE
27
28