# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:10-cv–01790-BAM PC<br><br>ORDER DENYING MOTION FOR LEAVE TO DEPOSE INMATE WITNESS<br><br>(ECF No. 27) |

    Plaintiff Leonardo Joseph Rangel is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2012, an order issued opening the discovery in this action. Plaintiff filed a motion for leave to depose an inmate witness pursuant to Federal Rule of Civil Procedure 31(a)(2)(B) on May 30, 2012. (ECF No. 27.)

    Plaintiff seeks leave to depose an inmate who is currently incarcerated at Pelican Bay State Prison in order to obtain a declaration. Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010). Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

    Plaintiff's has not provided evidence that he completed the process to obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010). Because

the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, the Court can only make a request to prison officials and cannot order them to allow Plaintiff to correspond with his witnesses.  E.g., City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471; Jones, 444 F.3d at 1126.  While the Court can request that prison officials allow Plaintiff to correspond with inmate witnesses, such a request shall not be made by the Court without assurances that Plaintiff has followed procedures and used the available resources at the prison to obtain written authorization after consideration by prison officials of safety, security, and procedural priorities.  The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).  Therefore, Plaintiff's motion for leave to depose inmate witnesses shall be denied.

IT IS SO ORDERED.

Dated:   **June 1, 2012**             /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE