# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES TILTON, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv–01790-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF Nos. 36, 37)<br><br>Amended Deadline to Amend Pleadings: January 4, 2013<br><br>Amended Discovery Cut-off Date: March 4, 2013<br><br>Amended Dispositive Motion Deadline: May 14, 2013 |

### I.    Procedural History

Plaintiff Leonardo Joseph Rangel is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed January 9, 2012, against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment and assault and battery under state law. (ECF No. 17.) Discovery in this action opened on May 4, 2012, and Plaintiff filed a motion to compel on July 30, 2012. (ECF No. 31.) Defendants filed an opposition to the motion to compel on September 24, 2012. On October 15, 2012, Plaintiff filed a motion for sanctions under Federal Rule of Civil Procedure 11. (ECF No. 36.) On October 16, 2012, an order issued denying Plaintiff's motion to compel and request for sanctions and ordering

Defendants to file responses to Plaintiff's discovery requests within forty five days. (ECF No. 35.) On November 13, 2012, Plaintiff filed a motion for an extension of the discovery deadline and request for sanctions. (ECF No. 37.)

## II.    Plaintiff's Request for Sanctions

### A.    Legal Standard

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;. . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Rule 11 imposes an objective standard of reasonableness, which applies to pro se litigants. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802, 811 (9th Cir. 1989).

Further, the Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)); see Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991) ("Dismissal is an appropriate sanction for falsifying deposition").

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). Disobedient conduct not shown to be outside the

litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994).

**B.     Discussion**

Plaintiff brought his motion to compel on the ground that Defendants failed to respond to his to his interrogatories and requests for production of documents and requested the imposition of sanctions. Defendants responded that the only discovery requests that were received from Plaintiff were served on April 3, 2012, prior to the opening of discovery in this action. Plaintiff submits his proof of service dated May 22, 2012, as evidence that he served the discovery requests after the opening of discovery and requests the imposition of sanctions under Rule 11(b). In his motion to extend the discovery deadline, Plaintiff again seeks sanctions and encloses a copy of the log book showing that he mailed documents on May 25, 2012, and copied documents were charged on May 31, 2012.

Defense counsel, an officer of the court, has asserted that she did not receive the discovery requests served on May 22, 2012. The Court is well aware that mail on occasion is misdirected and is not received by the party to whom it is addressed. Plaintiff's evidence that he mailed documents does not contradict defense counsel's assertion that she did not receive the discovery requests served after discovery was opened. The Court fails to find conduct that is "due to willfulness, bad faith, or fault of the party," to justify the imposition of sanctions in this instance. Fair Housing of Marin, 285 F.3d at 905. Plaintiff's motion for the imposition of sanctions is denied.

**III.    Motion to Modify the Scheduling Order**

Plaintiff moves to modify the scheduling order to allow him the full amount of time he would have had had discovery just opened in this action. Plaintiff's discovery requests have now been served on Defendants and the Court has ordered Defendants to respond to the requests within forty five days. When discovery opens in these actions the Court provides eight months to conduct discovery. Defendants' discovery responses are due on December 3, 2012, and discovery in this action closes on January 4, 2013. (ECF Nos. 25, 35.) While Plaintiff shall be granted an extension of time to conduct follow-up discovery, the Court declines to extend the discovery deadline by the full amount of time requested by Plaintiff. The Court shall partially grant Plaintiff's request to modify the discovery and scheduling order and the discovery deadlines for the parties shall be

extended. Accordingly, the deadline to file an amended complaint shall be January 4, 2012; the cut-off date for the completion of all discovery, including filing motions to compel, shall be March 4, 2013; and the deadline to file dispositive motions shall be May 14, 2013.

## VI. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions, filed October 15, 2012, is DENIED;
2. Plaintiff's motion, filed November 13, 2012, is GRANTED IN PART AND DENIED IN PART as follows:
    a. Plaintiff's motion for an extension of the discovery deadline is GRANTED IN PART;
        1. The deadline to amend the pleadings shall be January 4, 2013;
        2. The discovery cut-off date for the parties shall be March 4, 2013;
        3. The dispositive motion deadline shall be May 14, 2013; and
    b. Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **November 14, 2012**                    /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE