UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LATRAILLE, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01790-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION THAT DEFENDANTS ARE NOT IN COMPLIANCE WITH COURT ORDER TO RESPOND ON DISCOVERY AND REQUEST FOR SANCTIONS<br>(Doc. 39) |

    Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed January 9, 2012, against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment.

    Discovery in this action opened on May 4, 2012. (ECF No. 25.) On July 30, 2012, Plaintiff filed a motion to compel Defendant Latraille to respond to a request for interrogatories and a request for production of documents. Plaintiff also requested sanctions. (ECF No. 31.) Defendants filed an opposition on September 24, 2012, contending that Plaintiff served the discovery requests prematurely in April 2012. (ECF No. 34.) On October 16, 2012, the Court denied Plaintiff's motion to compel and request for sanctions, finding that Plaintiff served his discovery requests before discovery had opened in this action. The Court then ordered Defendant Latraille to serve responses to Plaintiff's interrogatories and request for production within forty-five days. (ECF No. 35.)

On October 15, 2012, Plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  (ECF No. 36.)  On November 13, 2012, Plaintiff filed a motion for an extension of the discovery deadline and a request for sanctions.  (ECF No. 37.)  On November 15, 2012, the Court denied Plaintiff's motion for sanctions, but extended the discovery deadline to March 4, 2013.  (ECF No. 38.)

On December 26, 2012, Plaintiff filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  Plaintiff complains that Defendant Latraille failed to respond to any interrogatory request and only submitted his training record in response to the request for production of documents.  (ECF No. 39.)

On January 28, 2013, Defendant Latraille filed an opposition.  In the opposition, defense counsel explains that after the Court issued its order, Plaintiff served requests for interrogatories on Defendant Tabor.  Responses to those requests were not due until January 17, 2013.  Defense counsel inadvertently calendared that date as the responses for all interrogatories, including Defendant Latraille's responses.  Defense counsel reports that Defendant Tabor timely served responses on January 11, 2013.  However, Defendant Latraille sent his responses on January 18, 2013, and they were not received by defense counsel, who was out of the office for a holiday, until January 23, 2013.  Defendant Latraille's responses to interrogatories were served on January 23, 2013.  (ECF No. 44, p. 2.)

As to Defendant's untimeliness in responding to the Court's October 16, 2012 order, the Court will not sanction defendant for the short delay occasioned by the error in counsel's office.  Plaintiff has received the interrogatory responses and has not identified any specific harm related to the delay.  Furthermore, to the extent that Plaintiff objects to the responses to his request for production of documents, Plaintiff's motion does not identify the requests at issue or the defects in Defendants' responses.  For these reasons, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **June 25, 2013**             /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE