UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>           Plaintiff,<br><br>      v.<br><br>D. LATRAILLE, et al.,<br><br>           Defendants. | Case No.: 1:10-cv-01790-AWI-BAM PC<br><br>ORDER DENYING MOTION TO COMPEL DISCOVERY OF NON-PARTY WITNESSES: CAPTAIN JENNINGS, SERGEANT BEER AND CORRECTIONAL OFFICER SILVA (ECF No. 46)<br><br>ORDER DENYING MOTION TO COMPEL DISCOVERY ON NON-PARTY WITNESS: CORRECTIONAL OFFICER E. TORRES (ECF No. 48) |

    Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the first amended complaint, filed January 9, 2012, against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment.

    On February 15, 2013, Plaintiff filed a motion to compel discovery from non-party witnesses, Captain Jennings, Sergeant Beer and Correctional Officer Silva pursuant to Federal Rule of Civil Procedure 37.  Plaintiff claims that these persons have direct and indirect knowledge of the circumstances related to this action.  It is unclear whether Plaintiff propounded interrogatories and requests for production of documents on these non-parties.  (ECF No. 46.)

1  On February 19, 2013, Plaintiff filed a motion to compel discovery from non-party witness E. Torres, a correctional officer. Plaintiff claims that Officer Torres has direct and indirect knowledge of the circumstances related to this action. Plaintiff requests to obtain evidence from Officer Torres in the form of interrogatories and requests for production of documents. (ECF No. 48.) For the reasons set forth below, Plaintiff's motions shall be denied.

First, Plaintiff may not propound interrogatories on non-parties. Fed. R. Civ. P. 33 (a party may serve interrogatories "on any other party"). Therefore, the Court cannot compel non-parties to respond to any interrogatories. Further, Plaintiff may not depose any non-parties orally or in writing unless he complies with Federal Rules of Civil Procedure 30 and 31, which include arranging for the recording of the deposition before an officer designated in compliance with Federal Rule of Civil Procedure 28.

Second, Plaintiff has not established that he is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45. To be entitled to the issuance of a subpoena for a non-party, Plaintiff must establish to the Court's satisfaction that the documents requested from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through requests for production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to request the issuance of a records subpoena, he may file a motion that (1) identifies with specificity the documents sought and from whom; (2) makes a showing that the records are only obtainable through that third party; and (3) makes a showing that discovery should be re-opened.

Accordingly, Plaintiff's motions to compel discovery from non-parties pursuant to Federal Rule of Civil Procedure 37 are DENIED.

IT IS SO ORDERED.

Dated: **June 25, 2013**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE