UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LATRAILLE, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01790-AWI-BAM PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION SEEKING ORDER TO COMPEL DISCOVERY UNDER FED. R. CIV. P. 37 AND PRODUCTION OF DOCUMENT REQUEST (ECF No. 45)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 45) |

      Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the first amended complaint, filed January 9, 2012, against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment.

    **I.**    **Introduction**

      On February 15, 2013, Plaintiff filed a motion to compel Defendants Latraille and Tabor to produce documents pursuant to Federal Rule of Civil Procedure 37.  Plaintiff reports that Defendants submitted responses to his request for production of documents on December 7, 2012.  Plaintiff now requests a court order compelling further responses to his requests for production numbers 1, 5-7, 9, 11-14, 17-18, 23, and 26-32.  Plaintiff also seeks costs for preparing the motion to compel in the amount of $200.00. (ECF No. 45.)

1

1   On March 12, 2013, Defendants filed an opposition to Plaintiff's motion to compel further
2   discovery responses.  In sum, Defendants contend that they have properly responded to Plaintiff's first
3   request for production of documents, they cannot be required to produce documents that do not exist
4   or are not relevant to Plaintiff's action and they cannot be required to produce documents that are not
5   in their possession, custody or control.  (ECF No. 51.)
6   On March 28, 2013, Plaintiff filed objections to Defendants' opposition.  Plaintiff claims that
7   defense counsel is attempting to obstruct, delay, and mislead the court.  (ECF No. 52.)  Plaintiff also
8   requests that the court impose sanctions and appoint him counsel.

**II.    Motion to Compel Further Responses to Requests for Production of Documents**

**A.  Request Number 1**

Request for Production No. 1

The complete Central File (C-File) of Plaintiff Leonardo Joseph Rangel CDCR #K-26398 including but not limited to all photographs and all restricted or confidential information pertaining to me.

Response to Request for Production No. 1

Responding parties object to this request on the grounds that it is overly broad, overly burdensome, seeks documents that are equally available to Plaintiff, and requests documents that have been deemed confidential by the California Department of Corrections and Rehabilitation.  Without waiving said objections, Plaintiff's central file, excluding the confidential section, is available for inspection and copying pursuant to institutional policies and procedures.

1.  Parties' Arguments

Plaintiff contends that he has attempted to obtain his c-file on multiple occasions and has not requested his confidential section.  Plaintiff asserts that he requested review of his c-file on December 12, 2012, but his request was ignored.

Defendants counter that they properly objected to Plaintiff's request for the entire c-file as overbroad and reminded him of the availability of his c-file for inspection and copying.  Defendants further argue Plaintiff is not entitled to the confidential section of his c-file and he is allowed to examine his c-file once every year pursuant to policy.  Defendants indicate that if Plaintiff needs help

gaining access to his file, then he can request that defense counsel make arrangements for him to view the file.

### 2. Discussion and Order

Plaintiff's request for an entire copy of his c-file is overbroad because his c-file encompasses all documents that refer to him in any manner and extend from the time of his initial incarceration to the present. In other words, Plaintiff's c-file contains numerous documents that are not relevant to this action. The Court therefore concludes that Defendants properly objected to his request and his motion to compel further responses to request number 1 is DENIED.

However, to the extent that Plaintiff has been unable to access his c-file in accordance with institutional policy, defense counsel shall arrange for Plaintiff to view the file and obtain copies of those documents relevant to this action within **twenty-one (21) days** from the date of this order. As Plaintiff has indicated that he has not requested the confidential portions of his file, Plaintiff shall not be permitted access to the confidential sections of his c-file. This order in no way alters institutional policies or procedures.

### B. Requests Numbers 5 and 6

Request for Production No. 5

Plaintiff's CDCR 114-A, including but not limited to each and every entry made therein from October 23, 2007-till [sic] present.

Response to Request for Production No. 5

Responding parties object to this request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is equally available to Plaintiff. Without waiving said objections, the CDCR form 114-A is part of Plaintiff's central file, and is available for inspection and copying pursuant to institutional policies and procedures.

Request for Production No. 6

Plaintiff's CDCR 114-A1, including but not limited to each and every entry made therein from October 23, 2007-till [sic] present.

Response to Request for Production No. 6

1  Responding parties objects [sic] to this request on the grounds that it is overly broad, not reasonably
2  calculated to lead to the discovery of admissible evidence, and is equally available to Plaintiff.
3  Without waiving said objections, the CDCR form 114-A1 is part of Plaintiff's central file, and is
4  available for inspection and copying pursuant to institutional policies and procedures.

   　　　　　1.  Parties' Arguments

6  　　　As with request number 1, Plaintiff contends that he has attempted to obtain all documents
7  related to his CDCR c-file, but his attempts have been futile.
8  　　　Defendants counter that Plaintiff's requests are overbroad because the events in question took
9  place over one twenty-four hour period in 2007, and Plaintiff fails to explain why he needs several
10 years of documents.  Defendants also reiterate that if Plaintiff seeks access to his c-file, then counsel
11 for Defendants will make arrangements with the prison for Plaintiff to review his file.

   　　　　　2.  Discussion and Order

13 　　　As with request 1, Plaintiff's requests for his CDCR 114-A and 114-A1 from October 23, 2007
14 are overbroad.   Further, Plaintiff has made no showing that entries or documents outside the 24-hour
15 period at issue are relevant to the events at issue in this action.  The court therefore concludes that
16 Defendants properly objected to requests for production numbers 5 and 6, and Plaintiff's motion to
17 compel further responses to requests numbers 5 and 6 are DENIED.  However, to the extent that
18 Plaintiff has been unable to access his c-file in accordance with institutional policy, defense counsel
19 shall arrange for Plaintiff to view the non-confidential portion of his c-file and obtain copies of the
20 CDCR 114-A and 114-A1 entries (or documents) relevant to this action within **twenty-one (21) days**
21 from the date of this order.  This order in no way alters institutional policies or procedures.

   　　　　　**C.  Request Number 7**

23 Request for Production No. 7
24 All Photographs of Plaintiff maintained by the "Office of Correctional Safety" or "OCS" known as the
25 "Q-Series" under D.O.M. #52070.21.1.0.
26 Response to Request for Production No. 7
27 Responding parties object to this request on the grounds it is vague, overly broad and not reasonably
28 calculated to lead to the discovery of admissible evidence.  Further Responding parties object to this

1  request on the grounds that the requested information is not within their personal knowledge,
2  possession, custody or control. Without waiving objections, after reasonable search and diligent
3  inquiry no photographs responsive to this request could be located.

4          1. <u>Parties' Arguments</u>

5      Plaintiff explains that CDCR maintains a "Form Q" gang validation worksheet and a "Form Q-
6  2" body markings photographs. By his request, Plaintiff seeks to compel only a copy of the Q-2
7  photographs taken of him on or around May 7, 2007. (ECF No. 45, p. 3.) Plaintiff contends that these
8  photographs are necessary because they were taken before he was pepper sprayed. He asserts that he
9  did not have discolored areas of skin in those photographs, but has them now following the incident
10 involving Defendants. Plaintiff further contends that these documents do exist and are relevant.

11     In opposition, Defendants raise several arguments. First, Defendants contend that they are not
12 in possession, custody or control of photographs related to Plaintiff's gang classification and that such
13 documents are not in Plaintiff's c-file. Second, Defendants contend that the requested documents are
14 irrelevant to Plaintiff's claims. Third, Defendants contend that the Q series documents are highly
15 confidential, not contained in the c-file and disclosure would adversely impact gang data base security
16 and the security and safety of individuals. Defendants further explain that neither Defendants nor their
17 counsel have possession or access to these documents. Fourth, Defendants contend that Plaintiff
18 would be unable to use the photographs to prove injury because (1) medical staff found that he
19 suffered no injuries as a result of his access to pepper spray and (2) Plaintiff is not a doctor and cannot
20 testify that exposure to pepper spray caused his injuries. Finally, Defendants contend that there are no
21 photographs of the alleged incident, with the exception of a videotape of the extraction and
22 decontamination of Plaintiff. Defense counsel explains that Plaintiff can contact his counselor to
23 arrange a time to view the videotape.

24          2. <u>Discussion and Order</u>

25     Plaintiff limits his discovery request to the photographs of his body markings. Although the
26 requested photographs are relevant to Plaintiff's claims of injury, it appears that neither Defendants
27 nor defense counsel are in possession, custody or control of the photographs and cannot access such
28 photographs. Fed. R. Civ. P. 34(a)(1) (a party may serve on any other party a request to produce items

in the responding party's possession, custody or control).  Accordingly, the Court cannot order their production by Defendants.  For this reason, Plaintiff's motion to compel further responses to request number 7 is DENIED.

### D.  Request Number 9

Request for Production No. 9

Any and all CDCR 1860 Form designated "Post Order Acknowledgment" forms for Defendants Latraille and Tabor on March 14, 2008.

Response to Request for Production No. 9

There are no documents responsive to this request.

#### 1.  Parties' Arguments

Plaintiff contends that regulations require acknowledgment of officers' assigned posts. Plaintiff therefore asserts that it is relevant to know where each Defendant was posted for duty on March 15, 2008, along with a signed post acknowledgment form for that duty.

Defendants counter that they cannot produce documents that do not exist.

#### 2.  Discussion and Order

Defendants correctly note that they cannot be required to produce documents that do not exist. Accordingly, Plaintiff's motion for further responses to request number 9 is DENIED.

### E.  Request Number 11

Request for Production No. 11

Complete Procedure for "Tactical Extractions" in place on March 15, 2008.

Response to Request for Production No. 11

Responding parties object to this request on the grounds that the request is overly broad, overly burdensome, and it seeks information that the CDCR has deemed confidential.  The documents and information requested cannot be turned over to Plaintiff due to safety and security concerns.  Without waiving objection, any provisions of the Department Operations Manual, which address use of force issues in general are equally available to Plaintiff as to Responding parties by visiting the prison library.

///

1. Parties' Arguments

Plaintiff contends that the tactical extraction procedure in place on March 15, 2008, is relevant to this action because it will demonstrate that Defendants did not follow that procedure. Plaintiff requests that Defendants submit the "tactical procedure" to the Court under confidential seal as an official record for impeachment purposes.

Defendants counter that in addition to asserting objections regarding confidentiality they also directed Plaintiff to the Department Operations Manual ("DOM") and the California Code of Regulations, Title 15, which are maintained in the prison law library and contain CDCR policies regarding, among other things, use of force, including use of pepper spray, and the procedures for decontamination.

2. Discussion and Order

Based on Defendants' response, and in addition to legitimate objections based on confidentiality, it appears that the policy documents requested by Plaintiff are contained in the DOM or in Title 15 of the California Code of Regulations and are equally available to Plaintiff in the prison law library. Accordingly, Plaintiff's motion for further responses to request number 11 is DENIED.

**F. Request Number 12**

Request for Production No. 11

Complete policy and procedure on "Use of Force" in place on March 15, 2008 for CSP-Corcoran, including Title 15, D.O.M. and O.P Sections.

Response to Request for Production No. 11

Responding parties object to this request on the grounds that the request is overly broad, overly burdensome, and it seeks information that the CDCR has deemed confidential. The documents and information requested cannot be turned over to plaintiff due to safety and security concerns. Without waiving objection, any provisions of the Department Operations Manual, which address use of force issues in general are equally available to Plaintiff as to Responding parties by visiting the prison library.

1. Parties' Arguments

1    Plaintiff contends that the use of force policy and procedure in place on March 15, 2008, is
2 relevant to this action because it will demonstrate that the Defendants did not follow the procedure.
3 Plaintiff asks that Defendants turn over the complete use of force policy to the Court under
4 confidential seal as an official record and for impeachment purposes.
5    As with request number 11, Defendants counter that in addition to asserting objections
6 regarding confidentiality they also directed Plaintiff to the DOM and California Code of Regulations,
7 Title 15, which are maintained in the prison law library and contain CDCR policies regarding use of
8 force, including use of pepper spray.
9    2. Discussion and Order
10    Based on Defendants' response, and in addition to legitimate objections based on
11 confidentiality, it appears that the policy documents requested by Plaintiff are contained in the DOM
12 or in Title 15 of the California Code of Regulations and are equally available to Plaintiff in the prison
13 law library.  Accordingly, Plaintiff's motion for further responses to request number 12 is DENIED.
14    **G. Request Number 13**
15 Request for Production No. 13
16 Complete Policy and Procedure on the Use of Oleoresin Capsicum pepper spray in place on March 15,
17 2008 at CSP-COR, including CCR-15, D.O.M. and O.P.
18 Response to Request for Production No. 13
19 Responding parties object to this request on the grounds that the request is overly broad, overly
20 burdensome, and it seeks information that the CDCR has deemed confidential.  The documents and
21 information requested cannot be turned over to Plaintiff due to safety and security concerns.  Without
22 waving objection, any provisions of the Department Operations Manual which address use of force
23 issues in general are equally available to Plaintiff as to Responding parties by visiting the prison
24 library.
25    1. Parties' Arguments
26    Plaintiff contends that the use of pepper spray policy and procedure in place on March 15,
27 2008 is relevant to this action because it will demonstrate that the defendants did not follow the policy
28

or procedure. Plaintiff requests that Defendants submit the complete policy and procedure to the Court under confidential seal as an official record and for impeachment purposes.

As with requests numbers 11 and 12, Defendants counter that in addition to asserting objections regarding confidentiality they also directed Plaintiff to the DOM and the California Code of Regulations, Title 15, which are maintained in the prison law library and contain CDCR policies regarding use of force, including use of pepper spray.

### 2. Discussion and Order

Based on Defendants' response, and in addition to legitimate objections based on confidentiality, it appears that the policy or procedure documents requested by Plaintiff are contained in the DOM or in Title 15 of the California Code of Regulations and are equally available to Plaintiff in the prison law library. Accordingly, Plaintiff's motion for further responses to request number 13 is DENIED.

### H. Request Number 14

Request for Production No. 14

Complete Policy and Procedure on "Decontaminations" of OC pepper spray in place on March 15, 2008 at CSP-Corcoran, including CCR 15, D.O.M. & O.P.

Response to Request for Production No. 14

Responding parties object to this request on the grounds that the request is overly broad, overly burdensome, and it seeks information that the CDCR has deemed confidential. The documents and information requested cannot be turned over to plaintiff due to safety and security concerns. Without waiving objection, any provisions of the Department Operations Manual, which address the use of force issues in general are equally available to Plaintiff as to Responding parties by visiting the prison library.

### 1. Parties' Arguments

Plaintiff contends that the complete policy and procedure is relevant to this action because it will demonstrate that Defendants did not follow the policy or procedure. Plaintiff requests that Defendants be ordered to show cause why the "decontamination" of OC pepper spray is deemed confidential. Plaintiff argues that as a health issue any laymen should know this valuable information,

especially inmates who get saturated with OC pepper spray and are left with no means or knowledge to decontaminate.

As with request numbers 11-13, Defendants counter that in addition to asserting objections regarding confidentiality they also directed Plaintiff to the DOM and the California Code of Regulations, Title 15, which are maintained in the prison law library and contain CDCR procedures for decontamination.

### 2. Discussion and Order

Based on Defendants' response, and in addition to legitimate objections based on confidentiality, it appears that the policy or procedure documents requested by Plaintiff are contained in the DOM or in Title 15 of the California Code of Regulations and are equally available to Plaintiff in the prison law library. Accordingly, Plaintiff's motion for further responses to request number 14 is DENIED.

### I. Request Number 17

Request for Production No. 17

Any and all <u>video tapes</u> of the use of force extractions of inmates from the Small Management Yards (SMY) on March 15-16, 2008 at CSP-Corcoran.

Response to Request for Production No. 17

Responding parties object to this request on the grounds that it is overly broad, seeks information regarding other inmates which is privileged under state law, and is not reasonably calculated to lead to the discovery o[f] admissible evidence. Without waiving said objections, Plaintiff will be given an opportunity to review a copy of the videotape documenting his extraction from the exercise pod on the SHU yard following his refusal to comply with orders.

### 1. Parties' Arguments

Plaintiff contends that as of February 11, 2013, he had not viewed the tape or video. Plaintiff also requests that the video be turned over to the Court as an official record and preserved.

Defendants counter that they properly objected to this request on the grounds that it is overly broad and seeks information regarding other inmates deemed privileged under state law. Defendants further contend that they acknowledged that a videotape of Plaintiff's extraction exists and that they

1  advised Plaintiff that he would be given an opportunity to view the videotape.  Defendants indicate
2  that Plaintiff should contact his counselor to make arrangements to view the tape, and if he has
3  problems, then he can contact defense counsel to coordinate a viewing.

4                 2.  <u>Discussion and Order</u>

5  Based on Plaintiff's argument, it appears that his production request is limited to the videotape
6  of his extraction.  Defendants have represented that this videotape exists and is available for Plaintiff
7  to review.  Accordingly, Plaintiff's motion to compel further responses to request number 17 is
8  DENIED.  Plaintiff is advised that if he has problems making arrangements to view the videotape, he
9  may contact defense counsel to coordinate a viewing.  If defense counsel fails to respond to Plaintiff's
10 request, Plaintiff may then renew his motion to compel with the Court.

11         **J.**  **<u>Request Number 18</u>**

12 <u>Request for Production No. 18</u>
13 The <u>video recorded interview</u> conducted <u>with inmate Rangel</u> prior to the use of force extraction on
14 March 15-16 2008 at CSP-Corcoran.
15 <u>Response to Request for Production No. 18</u>
16 Responding parties object to this request on the grounds that it is overly broad, seeks information
17 regarding other inmates which is privileged under state law, and is not reasonably calculated to lead to
18 the discovery of admissible evidence.  Without waiving said objections, Plaintiff will be given an
19 opportunity to review a copy of the videotape documenting his extraction, including the instructions
20 given to Plaintiff, and his refusal to follow those instructions, prior to his extraction from the exercise
21 pod on the SHU yard.

22                 1.  <u>Parties' Arguments</u>

23 Plaintiff contends that he seeks a portion of videotape recorded hours prior the use of force.
24 Plaintiff reports that the camera was operated by Correctional Officer Silva on March 15, 2008, and
25 this portion of the videotape is relevant because it depicts Plaintiff agreeing to cuff up and be taken
26 indoors for a full body strip search.

27
28

2. Discussion and Order

Defendants did not discuss this request in their opposition to Plaintiff's motion to compel. It is unclear whether the videotape referenced by Defendants includes the interview portion requested by Plaintiff. To the extent that a videotape exists, it appears that Plaintiff has the opportunity to review a copy of the videotape by contacting his counselor. At this time, Plaintiff's motion for further responses to request 18 is DENIED without prejudice. Assuming, without deciding, that this video interview exists, Plaintiff should be granted the opportunity to view this tape. He may contact defense counsel to coordinate a viewing if he is denied access. If defense counsel fails to respond to Plaintiff's request, Plaintiff may then renew his motion to compel with the Court.

**K. Request Number 23**

Request for Production No. 23

Any and all allegations of excessive force against Responding parties LaTraille and Tabor from the date they became employed by the CDCR to the present.

Response to Request for Production No. 23

Responding parties object to this request on the grounds that it is overly broad, vague as to time and subject matter, overly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

1. Parties' Arguments

Plaintiff contends that production of all documents alleging excessive force, including 602 appeals and civil complaints, against Defendants Latraille and Tabor are relevant to the conduct of these defendants.

Defendants counter that these requests are vague and overly broad as they are unlimited as to time and subject matter, and they are not relevant and not reasonably calculated to lead to admissible evidence. Defendants argue that nothing in Plaintiff's motion to compel dispels the vagueness or establishes how these documents are relevant to Plaintiff's claims. Defendants appear to argue that the burden and expense of searching the files of approximately 3,400 inmates at California State Prison - Corcoran outweighs the potential discovery of responsive documents. Fed. R. Civ. P. 26(b)(2).

12

1  Defendants also believe that an inquiry into other inmate files poses a potential security risk upon
2  disclosure to Plaintiff and jeopardizes the confidentiality of other inmate records.
3     2.  Discussion and Order
4     Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's
5  claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if
6  the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.
7  However, the Court must limit the extent of discovery where the "burden or expense of the proposed
8  discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy,
9  the parties' resources, the importance of the issues at stake in the action, and the importance of the
10 discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).
11    Here, Plaintiff's request for documents regarding "any and all allegations of excessive force"
12 against Defendants from the date they became employed at CDCR to the present is overly broad.
13 Unless the documents relate specifically to Plaintiff's allegations in this action, which are likely in his
14 possession, the anticipated documents responsive to this request are not relevant to Plaintiff's claims
15 or defenses. Plaintiff's motion suggests that he is seeking these documents as "character evidence,"
16 which would not be admissible at trial. Fed. R. Evid. 404.
17    Further, despite the seriousness and importance of Plaintiff's claims, the expense and burden of
18 searching every inmate file at California State Prison – Corcoran outweighs the likely benefit of
19 discovery of these documents. Fed. R. Civ. P. 26(b)(2)(C)(iii). This is particularly true given
20 Defendants' representations that they are unaware of any allegations of excessive force against them.
21    For these reasons, Plaintiff's motion to compel further responses to request number 23 is
22 DENIED.
23    **L.  Request Number 26**
24 Request for Production No. 26
25 The complete "Incident Commanders Review Critique" Report (Attachment-B) for Incident Log
26 #COR-04B-08-03-0126 which occurred on March 15-16 2008 at CSP-Corcoran.
27 Response to Request for Production No. 26
28

1  Responding parties object to this request on the grounds that it is overly broad, vague as to time and
2  subject matter, overly burdensome, seeks documents that are deemed privileged under state law, and
3  which are not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving
4  said objections, Responding parties are not in possession, custody, or control of documents responsive
5  to this request.

        1. <u>Parties' Arguments</u>

7  Plaintiff contends that this document is not deemed confidential, but is compiled to critique
8  whether staff action prior to, during and after the use of force, was in compliance with policy,
9  regulations and procedures.  Plaintiff further contends that the report determines whether the use of
10  force was necessary or if follow-up training is required.

11  Defendants counter that they are Correctional Sergeants, and the documents requested are
12  maintained at the level of Lieutenant or above.  Defendants contend that they are not in possession,
13  custody or control of documents responsive to these requests.

        2. <u>Discussion and Order</u>

15  Plaintiff's argument does not address Defendants' contention that they are not in possession,
16  custody or control of documents responsive to this request.  Absent further information from the
17  parties on the availability of this document/report, the Court is unable to order Defendants to produce
18  a document that is reportedly not in their possession, custody or control.  Fed. R. Civ. P. 34(a)(1).
19  Therefore, Plaintiff's motion to compel further responses to request number 26 is DENIED.

**M. Requests Numbers 27, 28, 29 and 30**

21  <u>Request for Production No. 27</u>
22  The complete Use of Force "<u>Coordinators Review</u>" prepared for the incident Log #COR-04B-08-03-
23  0126 of use of force on Mar. 15-16 2008 at CSP-COR.
24  <u>Response to Request for Production No. 27</u>
25  Responding parties object to this request on the grounds that it is overly broad, vague as to time and
26  subject matter, overly burdensome, seeks documents that are deemed privileged under state law, and
27  which are not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

1  said objections, Responding parties are not in possession, custody, or control of documents responsive
2  to this request.
3  Request for Production No. 28
4  The complete "Institutions Head Review of Use of Force Critique and Qualitative Evaluation
5  Analysis" prepared for the incident Log #COR-04B-08-03-0126.
6  Response to Request for Production No. 28
7  Responding parties object to this request on the grounds that it is overly broad, vague as to time and
8  subject matter, overly burdensome, seeks documents that are deemed priviledged [sic] under state law,
9  and which are not reasonably calculated to lead to the discovery of admissible evidence. Without
10 waiving said objections, Responding parties are not in possession, custody, or control of documents
11 responsive to this request.
12 Request for Production No. 29
13 The complete "Managers Review" First Level (Attachment-C) prepared for the incident Log #COR-
14 04B-08-03-0126 of incident on Mar. 15-16 2008 at CSP-COR.
15 Response to Request for Production No. 29
16 Responding parties object to this request on the grounds that it is overly broad, vague as to time and
17 subject matter, overly burdensome, seeks documents that are deemed priviledged [sic] under state law,
18 and which are not reasonably calculated to lead to the discovery of admissible evidence. Without
19 waiving said objections, Responding parties are not in possession, custody, or control of documents
20 responsive to this request.
21 Request for Production No. 30
22 The complete "Managers Review" Second Level (Attachment-D) prepared for the incident Log
23 #COR-04B-08-03-0126 of incident on Mar. 15-16 at CSP-COR.
24 Response to Request for Production No. 30
25 Responding parties object to this request on the grounds that it is overly broad, vague as to time and
26 subject matter, overly burdensome, seeks documents that are deemed priviledged [sic] under state law,
27 and which are not reasonably calculated to lead to the discovery of admissible evidence. Without
28

waiving said objections, Responding parties are not in possession, custody, or control of documents responsive to this request.

1. Parties' Arguments

Plaintiff seeks to compel the complete level of reviews in the incident log report. Plaintiff explains that it is a multi-level critique analysis of the incident relevant to this action and is not deemed confidential. Plaintiff asserts that this document is routinely produced and turned over in discovery.

Defendants again counter that they do not have possession, custody or control of documents maintained at the level of Lieutenant or above.

2. Discussion and Order

As with document request number 26, Plaintiff's argument does not address Defendants' contention that they are not in possession, custody or control of documents responsive to these requests. Although Plaintiff asserts that these documents are routinely produced in discovery, he does not indicate whether such documents were requested from correctional sergeants or whether, and more likely, they were obtained from higher ranking officials or subpoenaed directly from non-party CDCR. Absent further information from the parties on the availability of these documents, the Court is unable to order Defendants to produce documents that are not in their possession, custody or control. Fed. R. Civ. P. 34(a)(1). Therefore, Plaintiff's motion to compel further responses to requests numbers 27, 28, 29 and 30 is DENIED.

**N.  Request Number 31**

Request for Production No. 31

Any and all CDCR 989 Request for internal affairs investigations at CSP-Corcoran during the tener [sic] of Warden Darrel G. Adams.

Response to Request for Production No. 31

Responding parties object to this request on the grounds that it is overly broad, vague as to time and subject matter, overly burdensome, seeks documents that are deemed privileged under state law, and which are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving

said objections, Responding parties are not in possession, custody, or control of documents responsive to this request.

### 1. Parties' Arguments

Plaintiff argues that "[a]s employees of the CDCR you are defendants in a civil action <u>under the color of authority</u> all investigations of internal affairs become relevant to this civil action because it will show a pattern of abuses in authority." (ECF No. 45, p. 9.)

Defendants counter that Darrel Adams is retired and no longer has access to these documents. Defendants further counter that any documents maintained by the Office of Internal Affairs regarding investigations at the prison are not available to Defendants Latraille and Tabor.

### 2. Discussion and Order

Plaintiff's request for all internal affairs investigations at CSP-Corcoran during the tenure of Warden Adams is overly broad, particularly with regard to time and subject matter. The request, as written, includes documents that are not relevant to Plaintiff's excessive force claims or defenses and are not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Further, there is no indication that Defendants have possession, custody or control of documents maintained by the Office of Internal Affairs. Fed. R. Civ. P. 34. Accordingly, Plaintiff's motion to compel further responses to request number 31 is DENIED.

### O. Request Number 32

<u>Request for Production No. 32</u>

Any and all "Adverse Actions" taken upon Responding parties <u>LaTraille</u> and <u>Tabor</u> from the time of employment by the CDCR – to the present.

<u>Response to Request for Production No. 32</u>

Responding parties object to this request on the grounds that it is overly broad, vague as to time and subject matter, overly burdensome, seeks documents that are deemed priviledged [sic] under state law, and which are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there are no documents responsive to this request.

///

///

### 1. Parties' Arguments

Plaintiff moves to compel defendants to file a signed declaration to their claim that no documents of adverse actions exist or that they otherwise produce all requested documents.

Defendants counter that these requests are vague and overly broad as they are unlimited as to time and subject matter, and they are not relevant and not reasonably calculated to lead to admissible evidence. Defendants argue that nothing in Plaintiff's motion to compel dispels the vagueness or establishes how these documents are relevant to Plaintiff's claims. Defendants further counter that they have advised Plaintiff that no documents regarding adverse actions against them exist. Defendants explain that no adverse employment actions have been taken against either of the two defendants and, therefore, it can be inferred that neither of the Defendants have been found guilty of any serious rules infraction or improper conduct, including the use of excessive force.

### 2. Discussion and Order

Defendants have explained that there are no documents responsive to this request. The Court cannot require Defendants to produce documents that do not exist. Accordingly, Plaintiff's motion to compel further responses to request number 32 is DENIED.

As the Court has denied Plaintiff's motion to compel in its entirety, Plaintiff is not entitled to costs. Fed. R. Civ. P. 37(a)(5).

### III.    Motion for the Appointment of Counsel

Plaintiff requests the appointment of counsel. On October 1, 2010, the Court denied Plaintiff's previous request for the appointment of counsel. (ECF No. 8.) As explained in that order, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the court

///
///
///
///

1 | may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at
2 | 1525.  Here, Plaintiff has not provided the court with any basis to reconsider its prior order or to make
3 | a finding of the required exceptional circumstances.  Accordingly, Plaintiff's renewed request for the
4 | appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

   Dated:   **June 27, 2013**                                /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE