# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LATRAILLE, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01790-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES UPON DEFENDANTS LATRAILLE AND TABOR |

Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed January 9, 2012, against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment.

On February 15, 2013, Plaintiff filed the instant motion requesting leave of court to serve ten additional interrogatory questions of both Defendant Latraille and Defendant Tabor. Plaintiff explains that Defendant Latraille served responses to Plaintiff's interrogatories in January 2013. Plaintiff now contends that Defendant's responses have led "to the discovery facts that are relevant to this discovery effort and additional interrogatory questions are necessary to obtain this discoverable evidence pursuant to Federal Rules of Evidence 702, 703 and 705." (ECF No. 47, p. 1.)

On June 25, 2013, the Court directed Defendants Latraille and Tabor to file an opposition or a statement of non-opposition to Plaintiff's motion. (ECF No. 66.) On July 9, 2013, Defendants filed

1

1   their opposition to the motion for leave to propound additional interrogatories.  Defendants contend
2   that after the Court issued a discovery and scheduling order in May 2012, Plaintiff served both
3   Defendants with a request for interrogatories.  Each of the requests contained twenty-five
4   interrogatories, which is the maximum allowed under the Federal Rules of Civil Procedure.
5   Defendants argue that Plaintiff's instant request to serve additional interrogatories should be denied
6   because Plaintiff does not set forth the information that he seeks to obtain and he does not provide any
7   good cause to propound additional interrogatories.   (ECF No. 70.)

8          Federal Rule of Civil Procedure 33 allows a party to serve on another party no more than 25
9   written interrogatories, including discrete subparts.  The Court may grant leave to serve additional
10  interrogatories to the extent consistent with Federal Rule of Civil Procedure 26(b)(2).  Rule 26(b)(2)
11  requires the limits on the frequency or extent of discovery where, among other things, the requested
12  discovery is "unreasonably cumulative or duplicative" or the party has had "ample opportunity" to
13  obtain the information by discovery in the action.  Fed. R. Civ. P. 26(b)(2)(C).

14         In this instance, Plaintiff has not demonstrated that his request to exceed the interrogatory limit
15  is consistent with Rule 26(b)(2).  Instead, Plaintiff has provided only a generalized assertion that he
16  needs to serve 10 additional interrogatories on each defendant.  Plaintiff is "required to make some
17  showing as to the reasons for his request to propound extra interrogatories, so that the court may make
18  a determination as to the necessity therefor."  Eichler v. Tilton, 2010 WL 457334, at *1 (E.D. Cal.
19  Feb. 3, 2010); see also McNeil v. Hayes, 2013 WL 2434702, at *2 (E.D. Cal. Jun. 4, 2013) (denying
20  pro se prisoner's blanket request to serve fifteen additional interrogatories without prejudice).  There is
21  no indication that Plaintiff could not have obtained the information that he seeks in his permitted
22  number of interrogatories.  Indeed, it is "incumbent upon Plaintiff to use wisely the limited number of
23  interrogatories to which he is entitled under the rules."  McNeil, 2013 WL 2434702, at 2.  Further, the
24  court disfavors instances in which a plaintiff uses initial interrogatories to seek irrelevant or tangential
25  information and then moves for additional interrogatories to seek information which could and should
26  have been sought initially.  Id.

27
28

Based on the above, Plaintiff's motion requesting leave of court to serve ten additional interrogatory questions of both Defendant Latraille and Defendant Tabor, which was filed on February 15, 2013, is DENIED.

IT IS SO ORDERED.

Dated: **July 16, 2013**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

3