UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LATRAILLE, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01790-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING DISQUALIFICATION OF MAGISTRATE JUDGE BARBARA A. McAULIFFE<br><br>(ECF No. 73) |

**I.　　Introduction**

Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the disqualification of the undersigned, United States Magistrate Judge Barbara A. McAuliffe, filed on July 18, 2013. Plaintiff also requests (1) reconsideration of all discovery motions by an impartial judge; and (2) and a complete docket filing chronology sheet.[1] (ECF No. 73.)

///

///

---

[1] Plaintiff's request for a copy of the docket sheet is DENIED without prejudice. Plaintiff does not explain why he requires a copy of the docket sheet in this action. Plaintiff is advised that the Clerk's Office generally will provide copies at $.50 per page.

1

**II.     Motion for Disqualification**

Plaintiff brings the instant motion for disqualification pursuant to 28 U.S.C. § 144, which states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under § 144 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide grounds for recusal, prejudice must result from an extrajudicial source because a judge's previous adverse ruling is not sufficient bias. Id.

If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the motion must be referred to another judge for a determination of the merits. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). The judge to whom the motion is directed is to determine independently whether all the circumstances call for recusal, and such matter rests within the sound discretion of that judge. Sibla, 624 F.2d at 868. Motions under §144 are directed to the judge before whom the matter is pending, which in this instance would be the undersigned.

Plaintiff's motion for disqualification is procedurally insufficient because he has not submitted the required affidavit or certificate that the motion is brought in good faith. Failure to follow the procedural requirements defeats the motion under section 144. See United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

However, even if Plaintiff's motion were construed to satisfy the affidavit requirement of section 144, the motion is substantively insufficient. Plaintiff's motion fails to specifically allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed to a party that stems from an extrajudicial source." Sibla, 624 F.2d at 868. Instead, Plaintiff's motion alleges bias and prejudice arising out of adverse judicial rulings issued by the undersigned. The United States Supreme Court has indicated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994) ("In and of themselves … [judicial rulings] cannot possibly show reliance upon an extrajudicial source . . . .). Rather, judicial rulings are grounds for appeal, not for recusal. Id. Accordingly, Plaintiff's motion for disqualification shall be denied. Additionally, Plaintiff's related request for reconsideration of all discovery motions by an impartial judge shall be denied.

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion requesting disqualification of the undersigned, filed on July 17, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **November 25, 2013**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE