UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LATRAILLE, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01790-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING LEAVE OF COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) AND TO AMEND COMPLAINT AND RELIEF OF PREVIOUS ORDER FRCP 60(b)(6)<br><br>(ECF No. 61) |

### I.    Introduction

Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Plaintiff's motion, filed on June 12, 2013, requesting leave to amend his complaint. (ECF No. 61.) Defendants Latraille and Tabor opposed the motion on June 19, 2013. (ECF Nos. 62, 63.) Plaintiff did not file a reply and the motion is deemed submitted. Local Rule 230(l).

### II.    Procedural Background

Plaintiff initiated this action on September 20, 2010. (ECF No. 1.) On November 30, 2011, the Court screened Plaintiff's original complaint and determined that it stated a cognizable claim against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment and for assault and battery, negligence, and intentional infliction of emotional distress in violation of state law, but did not state any other claims for relief. The Court directed Plaintiff to either (1) file an

1

amended complaint or (2) notify the Court of his willingness to proceed on the cognizable claims. (ECF No. 13.)

On January 9, 2012, Plaintiff filed a first amended complaint. (ECF No. 16.) The Court screened Plaintiff's first amended complaint and determined that it stated a cognizable claim against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and assault and battery under state law, but that it failed to state any additional claims under section 1983. Accordingly, the Court ordered that this action proceed for damages only on Plaintiff's first amended complaint, filed January 9, 2012, against Defendants Latraille and Tabor for excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment and assault and battery under state law. The Court dismissed all remaining defendants and federal claims *with prejudice*. (ECF No. 17.)

Following service of the first amended complaint, Defendants Latraille and Tabor answered the complaint on April 25, 2012. (ECF No. 23.) Thereafter, on May 4, 2012, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the deadline to amend pleadings was November 4, 2012. (ECF No. 25.) On October 16, 2012, the Court granted Plaintiff's request to extend the deadline to file an amended complaint to December 15, 2012. (ECF No. 35.) On November 14, 2012, again pursuant to Plaintiff's request, the Court extended the deadline to amend the pleadings to January 4, 2013. (ECF No. 38.)

On June 7, 2013, Defendants filed a motion for summary judgment. Less than a week later, Plaintiff filed the instant motion for leave to amend. Plaintiff seeks relief from the Court's dismissal of claims against Warden Adams, Lt. Jennings and Lt. Hubach. (ECF No. 61, p. 5.) Defendants opposed the motion on June 19, 2013. (ECF No. 62.)

**III.    Discussion**

Plaintiff addresses the motion as one for relief pursuant to Federal Rule of Civil Procedure 60 and one for leave to amend pursuant to Rule 15. Defendants address the motion as one for leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

As Plaintiff has filed the instant request to amend after expiration of the Scheduling Order deadline for amendment of pleadings, the Court applies the standard for amending a scheduling order

2

under Federal Rule of Civil Procedure 16, rather than the liberal amendment standards of Rule 15 or a request for relief pursuant to Rule 60.

### A. Legal Standard

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

### B. Analysis

Here, Plaintiff has not demonstrated diligence in seeking the proposed amendment. Plaintiff contends that he was unable to meet any deadline to amend the complaint because of Defendants' purported failure to provide discovery. In contradiction, Plaintiff claims that "additional evidence" supporting his request to amend has been obtained through discovery responses. In particular, Plaintiff reports that he received additional information and evidence upon receipt of Defendants' responses to interrogatories, set one. (ECF No. 61, p. 3.) Critically, Plaintiff does not indicate when he obtained any of this information through discovery. However, Defendants report that Plaintiff was served with the relevant responses to interrogatories in January 2013. (ECF No. 62, p. 4; ECF No. 63-1, Exhibit A.) Plaintiff has not explained the five month delay in seeking leave to amend after receiving Defendants' interrogatory responses.[1]

Plaintiff also claims that he has received information regarding three separate lawsuits arising from the same set of facts and circumstances: (1) Martinez v. Tilton, Case No. 1:10-cv-01501-SKO , which names Warden Adams, Lt. Jennings and Lt. Hubach as parties; (2) Gosselin v. Tilton, Case No. 1:10-cv-01974-GSA PC, which names Warden Adams and Lt. Hubach; and (3) Lestourgeon v. Tilton, a King County Superior Court case, which names Warden Adams, Lt. Jennings and Lt. Hubach. (ECF

---

[1] Plaintiff should have known the relevant facts supporting his claims against the dismissed defendants at the outset of this litigation.

3

No. 61, p. 4.) Again, Plaintiff does not explain when he received information concerning these lawsuits nor does he explain how they warrant amendment of his own complaint.

Plaintiff further claims that he has obtained interrogatories from Warden Adams, Lt. Jennings and Lt. Hubach and "additional documentation and evidence" not previously available. (ECF No. 61, p. 4.) As with Defendants' interrogatory responses, Plaintiff does not explain when he received a copy of interrogatories from Warden Adams, Lt. Jennings or Lt. Hubach or when he received the unspecified documentation and evidence.

Plaintiff also does not explain why he could not meet the January 4, 2013 deadline to amend his pleading or why he could not have requested a third extension of the January 4, 2013 deadline to amend the pleadings. Rather, Plaintiff waited to file the instant request for leave to amend until five months after expiration of the relevant deadline and only *after* Defendants filed their motion for summary judgment. Plaintiff's effort to amend in order to avoid the potential for summary judgment does not demonstrate diligence. A motion to amend should not be used as a means to defeat a motion for summary judgment. See Schlacter-Jones v. General Telephone of Calif., 936 F.2d 435, 443 (9th Cir. 1991), overruled on other grounds by Cramer v Consolidated Freightways, Inc., 225 F.3d 683, 692-93 (9th Cir. 2001) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").

Additionally, Plaintiff has not presented the Court with his proposed amendments. Nonetheless, the Court finds that any amendment of the operative complaint would further delay this litigation. An amendment to add defendants and/or claims likely would require additional discovery and additional motions for summary judgment. Such delay would prejudice defendants.

For these reasons, the Court declines to grant Plaintiff's request to modify the discovery and scheduling order to amend his complaint. The same result is warranted even if the Court considered Plaintiff's motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 60.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must

demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).

Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff has not presented any argument demonstrating why the Court should reconsider its screening order dismissing Warden Adams, Lt. Jennings and Lt. Hubach with prejudice. With regard to Warden Adams and Lt. Jennings, Plaintiff has presented no new factual or evidentiary information that would have been unavailable to him at the time of his first amended complaint. Plaintiff merely reports that he received interrogatories in which Warden Adams and Lt. Jennings admitted to "implementation of policy." (ECF No. 61, p. 4.) Plaintiff has not provided the Court with a copy of the relevant interrogatories to support his assertions. Further, implementation of policy appears to be a function of their positions as Warden and Lieutenant. Indeed, Plaintiff alleged in his first amended complaint that Warden Adams "was legally responsible for the prisons operation, including the establishment of policy . . . [and Warden] Adams implemented the practice of outdoor public stripe [sic] searches." (ECF No. 16, p. 7.)

5

With regard to Lt. Hubach, Plaintiff appears to base his reconsideration on receipt of interrogatory responses from Defendants Latraille and Tabor identifying Lt. Hubach as their senior command officer who gave the order to use force on Plaintiff. (ECF No. 61, p. 3.) Plaintiff has not provided the Court with the relevant interrogatory response(s). Nonetheless, this is not new factual information recently discovered by Plaintiff. As noted above, Plaintiff received Defendants' interrogatory responses in January 2013. Additionally, Plaintiff alleged in his first amended complaint that "[t]he use of force was ordered and authorized by defendants Lt. Hubach and administrative officer of the day Dan Leon." (ECF No. 16, p. 10.)

As a final matter, Plaintiff's report that other cases involving similar facts and circumstances are proceeding against Warden Adams, Lt, Jennings and Lt. Hubach is not sufficient to warrant reconsideration of the Court's screening and dismissal order. Plaintiff has not identified any new or different facts or circumstances that did not exist when he filed his first amended complaint.

**IV.     Conclusion and Order**

Based on the above, Plaintiff's request for leave to amend his complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 14, 2014**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE