UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>D. LATRAILLE, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-01790-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY<br>(ECF No. 74) |

**I.     Introduction**

Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint, filed January 9, 2012, against Defendant LaTraille and Taber[1] for excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment and assault and battery under state law. (ECF No. 17.)

On June 7, 2013, Defendants filed a motion for summary judgment. (ECF No. 56.) On July 19, 2013, Plaintiff filed a motion for additional discovery pursuant to Local Rule 260(b). (ECF No.

---

[1] Defendants were erroneously sued as "D. Latraille" and "J. Tabor" in the first amended complaint.

1

1  74.) Defendants did not respond to the motion.  Thereafter, on August 2, 2013, Plaintiff filed his

2  opposition to the motion for summary.  (ECF No. 76.)

3        The motion for additional discovery is deemed submitted.  Local Rule 230(l).

4      **II.**      **Motion for Discovery**

5        Plaintiff requests additional discovery pursuant to Local Rule 260(b).  In relevant part, Local

6  Rule 260(b) provides as follows:

7      If a need for discovery is asserted as a basis for denial of the motion [for summary
    judgment], the party opposing the motion shall provide a specification of the particular
8      facts on which discovery is to be had or the issues on which discovery is necessary.

9  Local Rule 260(b).

10        Relying on Rule 260(b), Plaintiff requests the following documents:  (1) the complete incident

11  review and report of March 15-16, 2008, Log # COR-046-08-03-0126; (2) viewed DVD (portion) 7-5-

12  2013; (3) all photographs of Plaintiff maintained by the Office of Correctional Safety (OCS) known as

13  Q-2 series; (4) Plaintiff's CDCR 114-A1, including, but not limited to all entries from October 23,

14  2007 to July 2008; and (5) Plaintiff's 114-A, including but not limited to all entries between October

15  23, 2007 to July 2008.  (ECF No. 74, pp. 1-2.)

16        Contrary to the directive of Local Rule 260(b), Plaintiff does not specify why the requested

17  discovery is necessary to oppose the motion for summary judgment or the particular facts expected to

18  be gained from the proposed discovery.  This alone provides a sufficient basis to deny his request.

19  See, e.g., Solis v. McKesson, 2010 WL 3504807, *3 (E.D. Cal. Sept. 7, 2010) (plaintiff failed to state

20  any specific facts to be learned through more discovery and summary judgment was proper).

21  Nevertheless, the Court considers the particular requests at issue.

22      1.    <u>Complete Incident Review and Report of March 15-16, 2008</u>

23        Plaintiff does not explain the need for the complete incident report, nor does he indicate which

24  portions were not provided.  It appears that Defendants served Plaintiff with those portions of the

25  report relied upon in their motion for summary judgment.  (ECF No. 57-1.)  Plaintiff has filed his

26  opposition to the motion for summary judgment, which included an opposition to Defendants'

27  undisputed facts.  (ECF No. 76, pp. 26-44.)  There is no indication that further discovery of this report

28  is necessary.

2

2.    <u>Viewed DVD</u>

Although not entirely clear, Plaintiff appears to request a copy of the DVD containing his extraction. (ECF No. 74, p. 1.) Defendants filed and served a copy of the DVD with their motion for summary judgment. (ECF Nos. 57, 59.) Plaintiff also was afforded the opportunity to view the DVD. There is no indication that further discovery of the DVD is warranted. Plaintiff included his contentions regarding the DVD evidence in his opposition to the motion for summary judgment. (ECF No. 76.)

3.    <u>All Photographs of Plaintiff maintained by the Office of Correctional Safety (OCS) known as Q-2 series</u>

On June 27, 2013, the Court denied Plaintiff's motion to compel Defendants to provide photographs maintained by OCS because neither Defendants nor defense counsel had access to such documents. (ECF No. 68.) Plaintiff did not seek the issuance of a subpoena to obtain records in the possession of the OCS, a non-party to this action. The Court will not now order the production of these photographs.

4. <u>Plaintiff's CDCR 114-A1, including, but not limited to all entries from Oct. 23, 2007 to July 2008</u>; and

5. <u>Plaintiff's 114-A, including but not limited to all entries therein between Oct. 23, 2007 to July 2008</u>

On February 15, 2013, Plaintiff filed a motion to compel related to his requests for his CDCR 114-A and 114-A1 from October 23, 2007 the present. On June 27, 2013, the Court denied Plaintiff's motion to compel production of these documents. In relevant part, the Court ruled as follows:

> Plaintiff's requests for his CDCR 114-A and 114-A1 from October 23, 2007 are overbroad. Further, Plaintiff has made no showing that entries or documents outside the 24-hour period at issue are relevant to the events at issue in this action. The court therefore concludes that Defendants properly objected to requests for production numbers 5 and 6, and Plaintiff's motion to compel further responses to requests numbers 5 and 6 are DENIED. However, to the extent that Plaintiff has been unable to access his c-file in accordance with institutional policy, defense counsel shall arrange for Plaintiff to view the non-confidential portion of his c-file and obtain copies of the CDCR 114-A and 114-A1 entries (or documents) relevant to this action within **twenty-one (21) days** from the date of this order. This order in no way alters institutional policies or procedures.

3

(ECF No. 68, p. 4.)  On March 24, 2014, Defendants confirmed that Plaintiff reviewed his c-file on July 15, 2013, and received responsive documents.  (ECF No. 83.)  There is no indication that further action or discovery is required.

### III. Conclusion and Order

For the reasons discussed above, Plaintiff's motion for additional discovery, filed on July 19, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2014**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE