# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>   Plaintiff,<br><br>   v.<br><br>D. LATRAILLE, et al.,<br><br>   Defendants. | 1:10-cv-01790-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF'S COUNSEL TO FILE STATUS REPORT<br><br>TEN (10) DAY DEADLINE |

   Plaintiff Leonardo Joseph Rangel ("Plaintiff") is a former state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of excessive force in violation of the Eighth Amendment, and assault and battery under state law, against Defendants D. LaTraille and J. Taber (erroneously sued as "J. Tabor"). All parties have consented to magistrate judge jurisdiction. (ECF Nos. 9, 93). A jury trial is currently confirmed for May 3, 2016.

   At the March 15, 2016 telephonic trial confirmation hearing ("TTCH") in this matter, the Court attempted to confirm several matters with the parties, but Plaintiff was represented by substitute counsel who was not fully informed of the case status. The Court reminds counsel that at all hearings, and particularly hearings such as the TTCH where issues relevant to the upcoming trial are to be discussed, counsel must come fully prepared to address the issues set for hearing. Several outstanding issues must now be addressed in a status report by Plaintiff's counsel in advance of trial.

///

Accordingly, the Court HEREBY ORDERS:

1. Within ten (10) days of the date of service of this order, Plaintiff's counsel shall file a status report addressing the following matters:

    a. The relief Plaintiff seeks in this matter, specifically whether Plaintiff still seeks declaratory relief and preliminary and permanent injunctive relief. As discussed during the TTCH, declaratory relief is unnecessary and redundant here. See United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). Furthermore, since Plaintiff is no longer incarcerated, his claim for any injunctive relief is moot. Nevertheless, the Court is willing to hear any argument by Plaintiff regarding why such relief is warranted here. Plaintiff should specify the basis for seeking declaratory and injunctive relief, if he intends to continue to seek such relief;

    b. How Plaintiff intends to use the discovery responses identified as proposed exhibits in **Section M**. of his pretrial statement, and specifically whether Plaintiff intends to offer any portion of those discovery responses for admission into evidence, or plans to use them primarily for impeachment purposes. The Court does not admit discovery responses into evidence in their entirety, and instead selected portions may be relevant and used at trial, depending on the circumstances; and

    c. What are the "press releases" and "news articles" that Plaintiff identified as proposed exhibits in **Section M.**, including the date, author, publication in which they appeared, and other identifying information, and how Plaintiff intends to use them.

    d. How does Plaintiff intend to use the declarations identified in the proposed exhibits in **Section M.** Declarations are typically hearsay and not admissible at trial.

IT IS SO ORDERED.

Dated: **March 15, 2016**    /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE